WATFORD, Circuit Judge,
concurring in the judgment:
I agree with the majority that Mr. Villa-lobos’ extortion conviction should be affirmed, but I reach that conclusion for somewhat different reasons.
Like the district court, I see no need to decide whether threats to provide truthful testimony in an ongoing criminal investigation are always “inherently wrongful,” thereby precluding assertion of a claim-of-right defense.[1] Even if such threats are not inherently wrongful, the district court correctly concluded that Villalobos could not assert a claim-of-right defense in this case. A defendant is entitled to raise that defense only when, among other things, there’s some basis in the record for finding a nexus between the subject of the allegedly extortionate threat and a legitimate claim to the property demanded. See United States v. Jackson, 180 F.3d 55, 70-71 (2d Cir.1999); United States v. Tobin, 155 F.3d 636, 640 (3d Cir.1998).
No such nexus even arguably exists here. Even if Anjel really was owed $120,000 in back wages, as Villalobos claimed, she was not threatening to provide truthful testimony in an ongoing criminal investigation about Rabbi Yemeni’s supposed wage-and-hour violations. In that scenario, at least, Anjel would have been a *959 victim of the offense, and payment of the money demanded could be viewed as “ ‘reasonable action to make good the wrong which was the subject of the threatened charge.’ ” Appellant’s Opening Brief 32 (quoting 11 Del.Code Ann. tit. 11, § 847(b)). The criminal investigation related to Rabbi Yemeni’s alleged acts of immigration fraud, and far from being a victim of that offense, Anjel was herself both a participant in and a beneficiary of it. On these facts, “the evidence precluded the [claim-of-right] instruction as a matter of law.” Tobin, 155 F.3d at 641.
I therefore find no error in the district court’s instructions to the jury. The instructions stated, in essence: (1) a threat to provide testimony is wrongful if it’s made “with the intent to induce or take advantage of fear” that the victim will be subjected to criminal investigation, prosecution, or punishment; and (2) if Villalobos made such a threat, it was still wrongful even if he had a claim of right to the property he demanded. As applied to the facts of this case, in which no nexus existed between the threat and the property demanded, that was an accurate statement of the law. Villalobos has offered us no basis for holding otherwise.

. Villalobos' wrongdoing also involved offering to have Orit Anjel provide untmthful testimony favorable to Rabbi Yemeni in return for the payment demanded, but that conduct didn’t involve a threat and therefore can’t be characterized as extortion. It was instead properly charged as an attempt to obstruct justice.